IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLUB GRAVITY INC., dba PLANET ROCK; RICHARD TRINH; and AMPHOUVANHNA CHANTHALAMGSY,<br><br>Plaintiffs,<br><br>v.<br><br>MOHAMMED JACK MOGHADDAM; MJM TRUST; NORTH STATE TITLE, INC.; CITY OF MARYSVILLE; MARYSVILLE POLICE DEPARTMENT; SGT. JOHN OSBORNE; GARY PRICE; and DOES 1 through 10, inclusive,<br><br>Defendants. | 2:08-cv-01719-GEB-JFM<br><br>ORDER |

Defendants City of Marysville, Marysville Police Department, John Osborne ("Osbourn"), and Gary Price ("Price") (collectively, "Marysville Defendants") filed a motion to dismiss on August 5, 2008, and Defendant Mohammed Jack Moghaddam ("Moghaddam") filed a motion to dismiss on August 8, 2008. The movants argue this action (Club Gravity II) should be dismissed because it is duplicative of action No. 2:07-cv-00488-GEB-EFB (Club Gravity I), which is also filed in this Court. Oral argument on the dismissal motions was held on September 8, 2008.

1         Plaintiffs filed <u>Club Gravity I</u> on March 13, 2007, and a
2  First Amended Complaint ("FAC") in that action on April 12, 2007. <u>Club
3  Gravity II</u> was filed after Plaintiffs' May 8, 2008 motion for leave to
4  file a Second Amended Complaint in <u>Club Gravity I</u> was denied; the
5  denial was because of Plaintiffs' failure to demonstrate good cause
6  justified the amendment.
7         The allegations in both actions concern Plaintiffs' purchase
8  from Moghaddam a commercial property known as "Club Gravity"; a
9  subsequent investigation of Club Gravity by the Marysville Police
10 Department and the Alcoholic Beverage Control on July 1, 2006; a
11 further investigation by City of Marysville officials that resulted in
12 the revocation of Plaintiffs' use permit which authorized them to
13 operate Club Gravity; Moghaddam's taking possession of Club Gravity
14 after Plaintiffs failed to timely pay mortgage payments; and, the City
15 of Marysville's actions that assisted Moghaddam demolish Club Gravity.
16        <u>Club Gravity II</u> adds two Defendants who were not parties in
17 <u>Club Gravity I</u>: MJM Trust and North State Title, Inc. ("North State
18 Title").  Only state claims are alleged against these new defendants.
19 Plaintiffs allege in <u>Club Gravity II</u> "Moghaddam is the beneficiary and
20 trustee of MJM Trust, which is the alter ego of [] Moghaddam."  (FAC ¶
21 5.)  Therefore, MJM Trust is in privity with or can be said to be
22 "virtually represented" in <u>Club Gravity I</u> by Defendant Moghaddam.
23 <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684, 691 (9th Cir.
24 2007).  Plaintiffs' allegations against North State Title concern an
25 allegation that North State Title told Moghaddam he could take
26 possession of Club Gravity.
27 / / /
28 / / /

1        It is clear that the actions concern "the same set of facts"
2   and that <u>Club Gravity II</u> is duplicative of <u>Club Gravity I</u>. Id. at 689.
3   <u>Club Gravity II</u> is dismissed since Plaintiffs have no right to file a
4   duplicative action in response to their rejected amendment in <u>Club
5   Gravity I</u>.
6        For the stated reasons, Defendants' motions are granted, and
7   the Clerk of the Court shall close this action.
8        IT IS SO ORDERED.

Dated:  November 7, 2008

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge